United States District Court
Middle District of Florida
Jacksonville Division

**ERIKA M. COBB,**

    **Plaintiff,**

v.                                      **NO. 3:23-cv-781-MMH-LLL**

**KELLY R. COBB, JR., AND
CHARLOTTE A. COBB,**

    **Defendants.**

_____

### Report and Recommendation

Plaintiff Erika Cobb, proceeding pro se, filed a complaint against defendants Kelly Cobb, Jr. and Charlotte Cobb, doc. 1; on the same date she applied to Proceed in District Court Without Prepaying Fees or Costs (Long Form), doc. 2, which I construe as a motion to proceed in forma pauperis. Plaintiff's motion to proceed in forma pauperis has been referred for a report and recommendation regarding a proper resolution. *Id.* For the reasons discussed below, I respectfully recommend plaintiff's motion be denied and the complaint dismissed.

### Authority

Under 28 U.S.C. § 1915(a)(1), the Court may authorize plaintiff to proceed without prepayment of fees if she has shown she is "unable to pay such fees or give security therefor." When reviewing a motion to move forward in forma pauperis,

however, the Court must also determine whether the complaint: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B). If the Court finds these factors apply, it "shall dismiss the case." *Id.* § 1915(e)(2).

Additionally, "a district court may *sua sponte* consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking." *Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. 2010) (per curiam) (emphasis in original) (citations omitted). Federal courts exercise subject matter jurisdiction either through 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity). *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal question jurisdiction is invoked when an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To establish federal diversity jurisdiction, "all plaintiffs must be diverse from all defendants." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). Additionally, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

As for whether a complaint "fails to state a claim on which relief may be granted" under § 1915(e)(2)(B)(ii), the Court applies the standard used in Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To

survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the complaint must have "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading which contains "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555).

Pro se pleadings—those filed without a lawyer—are "held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Alba*, 517 F.3d at 1252 (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). That said, "a court's duty to liberally construe a plaintiff's complaint . . . is not the equivalent of a duty to re-write it for h[im]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). Further, "a litigant's *pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." *Thompson v. U.S. Marine Corp.*, 398 F. App'x 532, 535 (11th Cir. 2010) (per curiam) (emphasis in original) (citing *McNeil v. United States,* 508 U.S. 106, 113 (1993)). But a pro se plaintiff must typically be given an opportunity to amend his complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even

if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations and citation omitted).

## Discussion

Plaintiff does not include any facts in the complaint itself; however, she attaches a document entitled "letter of intent to sue," doc. 1-1, which I rely on to ascertain the basis of her claim(s).[1] In that document, plaintiff states she intends to sue defendants

> to recover lost wages, unpaid wages, and/or damages from June 9, 2001, to December 23, 2019, for breach of marital contract, marital misconduct, adultery, unpaid wages for work and services rendered to Kelly R. Cobb Jr., his children, and his biological parents, as well as violations of [plaintiff's] parental rights since December 23, 2019, and defamation of character.

*Id*. at 1. Although plaintiff does not clearly explain the relationships between the parties, it appears from the context that defendant Kelly Cobb Jr. and plaintiff were once married, and that defendant Charlotte Cobb is his current spouse. *See generally id*. Plaintiff goes on to list the services she performed that defendants should compensate her for, including 1) pregnancy surrogate services; 2) live-in nanny services; 3) caretaking services for the minor children; 4) maid services; 5) personal assistant services; and 6) sexual services. *Id*. at 1-2. Plaintiff also requests compensation for

---

[1] Plaintiff attached a second document to her complaint, doc. 1-2; however, it does not contain any ascertainable facts. Plaintiff also filed an additional document, doc. 4, subsequent to the filing of her complaint, which contains several vague and generalized allegations against defendants. I have considered these in my analysis; they do not affect my findings and recommendation as outlined below.

mental and physical health issues, and expenses, as a result of "marital misconduct, adultery, abuse, pregnancy, and abortion[.]" *Id.* at 2-3. Finally, plaintiff requests compensation for caretaking services for defendant Kelly Cobb Jr.'s relative, holiday meal preparation, losses sustained from the loss of a job and businesses, and defamation of character, slander, and false accusations. *Id.* at 3-4.

Plaintiff goes on to discuss an "entirely fictitious court case by [the Department of Children and Families] in Jacksonville back in 2006[.]" *Id.* at 2. Although not clear, it appears this incident resulted in plaintiff's children being removed and placed in defendants' custody. *Id.* Plaintiff further alleges that defendants defamed her in the court case, resulting in a change of custody to defendants in 2019,[2] and states that defendants have alienated her from her children since that time. *Id.* at 2-5. Regarding defendant Charlotte Cobb specifically, plaintiff alleges she "has been an unending source of financial support, and helped to fund Kelly R. Cobb Jr[.']s abuse and post separation abuse campaigns," including divorce cases and attorneys. *Id.* at 5. Plaintiff seeks a total of $3,305,300 in compensation

> to be paid for services and labor rendered and completed for Kelly R. Cobb Jr[.], Charlotte A. Cobb, and Kelly R. Cobb Jr[.']s children between June 9, 2001 and December 23, 2019, as well as damages, job loss, illness, and injury that took place over the course of the marriage.

---

[2] The context of plaintiff's document, doc. 1-1, indicates this change in custody was the result of a court proceeding; however, she does not specify what kind of proceeding, *i.e.*, whether it was the result of a divorce, dependency, and/or injunction proceeding. *See id.* at 5 (referencing "5 county courts," divorce cases, cases for protection orders, and "DCF or CPS records."

5

*Id.* at 4.

In the section of the form complaint which asks for the basis of this Court's subject matter jurisdiction, plaintiff checked the box for "Diversity of Citizenship." Doc. 1 at 3. However, she then lists several federal statutes under the section requesting the basis for federal question jurisdiction. *Id.* Within that section, plaintiff cites 18 U.S.C. § 1001-1026, which are criminal provisions related to fraud and false statements; these do not provide plaintiff with a civil cause of action for the facts alleged in her complaint, doc. 1-1. Plaintiff also references 18 U.S.C. § 242, a provision regarding the deprivation of rights under color of law. Specifically, § 242 provides that:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . . shall be fined under this title or imprisoned not more than one year, or both[.]

Again, this is a criminal provision that is not applicable to the facts that plaintiff described and does not provide her with a cause of action for the relief she requests. *See generally* doc. 1-1.

Plaintiff next cites the Fair Labor Standards Act of 1938, which is equally inapplicable to the facts alleged here, as plaintiff and defendants were not in an employer-employee relationship. *See* doc. 1 at 3; 29 U.S.C. §§ 203(d), (e), 206, 207. Finally, plaintiff cites "United States Code: Breach or Violation of Contract, U.S.C.

[§] 6503." Doc. 1 at 3. I presume plaintiff is referring to 41 U.S.C. § 6503, which concerns a "breach or violation of a representation or stipulation included in a contract under section 6502 of this title." However, § 6502 relates to a "contract made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment," which is also inapplicable to the facts in plaintiff's complaint. *See* doc. 1-1. Thus, none of the provisions cited by plaintiff apply to the facts she alleges and, thus, I find she has provided no basis to invoke this Court's federal question jurisdiction.

Regarding diversity jurisdiction, plaintiff indicates she is a citizen of Oregon, while defendants are citizens of Florida. Doc. 1 at 2-3. And as noted above, plaintiff seeks $3,305,300 in damages, doc. 1-1 at 4. However, plaintiff does not provide any identifiable cause of action under Florida law,[3] or the law of any other state, applicable to the facts she alleges, *i.e.*, relating to compensation for household and domestic services during the course of a previous marriage. Thus, assuming, *arguendo*, that plaintiff has properly invoked this Court's diversity jurisdiction, I find she fails to state a claim on which relief can be granted. *See* doc.1-1; *Ashcroft*, 556 U.S. at 678 ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotations and citation omitted)).

---

[3] *See Royalty Network, Inc. v. Harris,* 756 F.3d 1351, 1357 (11th Cir. 2014) ("It is well established that when a federal court considers a case that arises under its diversity jurisdiction, the court is to apply state substantive law and federal procedural law." (citation omitted)).

And, to the extent plaintiff seeks review of state court judgments against her in divorce, custody, and/or injunction cases, this is barred by the *Rooker-Feldman* doctrine.[4] The *Rooker-Feldman* doctrine is a jurisdictional rule that "precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment. "Thus, if a claim is barred by the *Rooker-Feldman* doctrine, a federal court lacks subject matter jurisdiction over the case." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (quotation and citation omitted); *see also Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012) ("We have since explained that the *Rooker-Feldman* doctrine operates as a bar to federal court jurisdiction where the issue before the federal court was inextricably intertwined with the state court judgment, so that (1) the success of the federal claim would effectively nullify the state court judgment, or that (2) the federal claim would succeed only to the extent that the state court wrongly decided the issues." (internal quotations and citation omitted)). The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and

---

[4] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-416 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-83 (1983).

rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Moreover, the *Younger* abstention doctrine precludes federal courts from engaging in "undue interference with state proceedings." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 359 (1989). To determine whether *Younger* abstention applies, a court must consider: (1) whether the proceedings constitute an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) if there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "[P]laintiffs have the burden of establishing that the state court proceedings do not provide an adequate remedy for their federal claims." *31 Foster Children v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003) (citation omitted).

Construing plaintiff's complaint liberally, as the Court must, dismissal is warranted. First, as discussed above, plaintiff has not provided a valid basis for this Court to exercise federal question jurisdiction. And, assuming she has properly invoked diversity jurisdiction, plaintiff fails to state a claim upon which relief can be granted, as explained above. Finally, to the extent plaintiff seeks review of state court judgments against her, this is barred by the *Rooker-Feldman* doctrine, as examining

plaintiff's claim would require the Court to essentially review those judgments. To the extent plaintiff is asking for intervention in ongoing state court proceedings, this Court should abstain under the *Younger* abstention doctrine.

## Recommendation

I respectfully **recommend:**

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, doc. 2, construed as a motion to proceed in forma pauperis, be **denied**.

2. Plaintiff's complaint, doc. 1, be **dismissed without prejudice** and plaintiff be given an opportunity to **amend**.

**Entered** in Jacksonville, Florida, on October 20, 2023.

*[signature]*

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

**<u>Notice</u>**

Plaintiff has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations changes the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (Doc. No. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.

c:
The Honorable Marcia Morales Howard, United States District Judge
Erika M. Cobb, pro se plaintiff
    1352 W. Locust Street
    Stayton, Oregon 97383