UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERIKA M. COBB,

      Plaintiff,

v.                                               Case No. 3:23-cv-781-MMH-LLL

KELLY R. COBB, JR. and
CHARLOTTE A. COBB,

      Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 6; Report), entered by the Honorable Laura Lothman Lambert, United States Magistrate Judge, on October 20, 2023.[1] In the Report, Judge Lambert recommends that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2; Motion) be denied and that Plaintiff Erika Cobb's Complaint for a Civil Case (Doc. 1; Complaint) be dismissed without prejudice. See Report at 10. Specifically, she finds that dismissal is warranted because:

> plaintiff has not provided a valid basis for this Court to exercise federal question jurisdiction. And, assuming she has properly invoked diversity jurisdiction, plaintiff fails to state a claim upon which relief can be granted, as explained above. Finally, to the

---

[1] The Court "may accept, reject, or modify, in whole or in part, the finding or recommendations by the magistrate judge." 28 U.S.C. § 636(b).

> extent plaintiff seeks review of state court judgments against her, this is barred by the Rooker-Feldman doctrine, as examining plaintiff's claim would require the Court to essentially review those judgments. To the extent plaintiff is asking for intervention in ongoing state court proceedings, this Court should abstain under the Younger abstention doctrine.

See Report at 9-10. Upon review of Plaintiff's Complaint, the Court finds that it is impossible to determine whether Plaintiff has stated a claim, or whether the Rooker-Feldman or Younger abstention doctrines are applicable, because of the improper manner in which the Complaint is drafted. As such, the Court will strike the Complaint for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure (Rule(s)) and direct Plaintiff to file a proper amended complaint.[2]

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "conform to procedural rules." Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[3] The Rules require that a

---

[2] All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules"). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available in the law libraries of the state and federal courthouses.

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed.

complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). However, despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).

In addition, Rule 10 requires a plaintiff to state her claim "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." See Rule 10(b). In addition, "[i]f doing so would promote clarity," Rule 10 requires that "each claim founded on a separate transaction or occurrence— . . . must be stated in a separate count . . . ." See Rule 10(b). Rules 8 and 10 work together

> "to require the pleader to present [her] claims discretely and succinctly, so that [her] adversary can discern what [she] is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial,

---

R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

> the court can determine that evidence which is relevant and that which is not."

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoting T.D.S. v. Shelby Mut. Ins. Co., 760 F.2d 1520, 1543 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)). "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)).

Here, Plaintiff submits a form complaint to which she has attached a lengthy narrative of alleged wrongdoing in the form of a letter to Defendants. See Complaint, Ex. 1: Letter of Intent to Sue. Significantly, Plaintiff fails to use separate numbered paragraphs to present her allegations and fails to set forth her claim or claims in separate counts. In the form Complaint, Plaintiff does include a list of myriad purported claims supporting her request for damages such as "defamation, abuse, slander, intentional violations of parental rights, perjury, child abuse, marital misconduct, adultery, unpaid wages, post separation abuse, threats to commit perjury and defamation, breach of contract, etc, . . . ." See Complaint at 4. But it is entirely unclear whether Plaintiff intends to raise each of these purported wrongs as a separate cause of action, much less which of the alleged facts from the six-page Letter

-4-

of Intent to Sue are intended to support which of these claims and against which Defendant. Thus, as drafted, it is difficult to discern the legal basis for Plaintiff's claim or claims and will be impossible for Defendants to frame a responsive pleading.

The Eleventh Circuit Court of Appeals has a term for complaints which violate Rules 8 and 10 in the ways discussed above—shotgun pleadings. <u>See</u> <u>Tran v. City of Holmes Beach</u>, 817 F. App'x 911, 913 (11th Cir. 2020). Significantly, although <u>pro se</u> pleadings such as Plaintiff's are construed more liberally than those drafted by attorneys, the Eleventh Circuit regardless has "little tolerance for shotgun pleadings." <u>See</u> <u>Arrington v. Green</u>, 757 F. App'x 796, 797 (11th Cir. 2018) (quotations omitted). As such, the Court will strike the Complaint for failure to comply with Rules 8 and 10, and direct Plaintiff to file an amended complaint. The amended complaint shall use numbered paragraphs, separate counts, and describe in sufficient detail the factual basis for each of the claims and how each Defendant is responsible for each claim. <u>See</u> Rules 8(a)(2), 10(b).[4] In light of the foregoing, the Court declines to adopt

---

[4] In preparing the amended complaint and any future filings, the Court recommends that Plaintiff visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without A Lawyer." If Plaintiff does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

The Court also encourages Plaintiff to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information

the Report at this time and will instead take Plaintiff's Motion under advisement pending the filing of an amended complaint. Nevertheless, Plaintiff should carefully consider the findings discussed in the Report when preparing her amended complaint. Accordingly, it is

**ORDERED:**

1. The Complaint for a Civil Case (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **December 12, 2023.** Failure to do so may result in a dismissal of this action.

3. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **TAKEN UNDER ADVISEMENT**.

4. The Clerk of the Court is directed to terminate the Magistrate Judge's Report and Recommendation (Doc. 6).

**DONE AND ORDERED** in Jacksonville, Florida, this 14th day of November, 2023.

MARCIA MORALES HOWARD
United States District Judge

---

Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Plaintiff may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.

lc11
Copies to:

Counsel of Record
Pro Se Party