# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ERIKA M. COBB,

           Plaintiff,

v.                                                              Case No. 3:23-cv-781-MMH-LLL

KELLY R. COBB, JR. and
CHARLOTTE A. COBB,

           Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Plaintiff initiated this action on July 5, 2023, with the filing of a Complaint for a Civil Case (Doc. 1; Complaint).  On November 14, 2023, the Court struck the Complaint as an impermissible shotgun pleading and directed Plaintiff to file an amended complaint consistent with the directives of the Order.  <u>See generally</u> Order (Doc. 10), entered November 14, 2023.  Plaintiff filed an amended Complaint for a Civil Case (Doc. 11; Amended Complaint) on December 4, 2023.  Separately, on December 5, 2023, Plaintiff filed a "Supplemental claims attachment and motion to appoint an attorney in this case" (Doc. 12; Supplement).  On December 18, 2023, Plaintiff filed a "Complaint supplement addition" (Doc. 13; Second Supplement).  Upon review, the Court finds that these filings are due to be stricken.

As an initial matter, the Court observes that both the Supplement and the Second Supplement appear to contain the unredacted names of two minor children in violation of Rule 5.2(a)(3) of the Federal Rules of Civil Procedure (Rule(s)).  This Rule requires a person filing a document in federal court to refer to a minor child only by the child's initials.  <u>See</u> Rule 5.2(a)(3).  As such, the Court will strike these documents and direct the Clerk of the Court to remove them from the docket.[1]  Plaintiff is cautioned that going forward she must refer to any minor children using his or her initials.  Likewise, any exhibits which contain the name of a minor child must be redacted to show only the child's initials.  Failure to comply with this requirement may result in the imposition of sanctions.

In addition, upon review of the Supplements, it appears these filings constitute improper attempts to amend the Amended Complaint.[2]  Indeed, on

---

[1] As previously explained:

> All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules"). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available in the law libraries of the state and federal courthouses.

<u>See</u> Order (Doc. 10) at 2 n.2.

[2] In addition, the Court notes that the title of the Supplement includes a request for appointment of counsel.  Plaintiff makes no reference to this request in the body of the document and fails to include any argument or legal authority in support.  A request for a Court order, such as an order appointing counsel, must be made by a motion.  <u>See</u> Rule 7(b)(1).  A motion must be supported by a memorandum of law.  <u>See</u> Local Rule 3.01(a).  Thus, if

the current record, Plaintiff's claims are now dispersed over the span of three separate filings.  As such, it will be difficult, if not impossible, for Defendants to frame a responsive pleading, and for the Court to determine the legal and factual bases of her claims.  In addition, Plaintiff informs the Court that one of the named defendants may have recently died, further complicating the review of Plaintiff's claims as currently drafted.  See Second Supplement at 1.  As such, the Court will strike the Amended Complaint and direct Plaintiff to file a second amended complaint which sets forth all of her claims for relief, and the factual allegations supporting those claims, in one document.  In doing so, Plaintiff must ensure that the second amended complaint complies with the directives of the Court's November 14, 2023 Order.  Going forward, if Plaintiff seeks to amend her pleadings she must either obtain the consent of the named defendants or file an appropriate motion asking the Court for permission to amend.  See Rule 15(a)(2).  Plaintiff is cautioned that failure to comply with this Order or the directives of the November 14, 2023 Order may result in the dismissal of this action without further opportunities for amendment.

    **ORDERED**:

    1. The amended Complaint for a Civil Case (Doc. 11), "Supplemental claims attachment and motion to appoint an attorney in this case"

---

Plaintiff intends to seek such relief, she must file an appropriate motion which complies with the Federal Rules of Civil Procedure and the Local Rules of this Court.

(Doc. 12), and "Complaint supplement addition" (Doc. 13) are **STRICKEN**.

2. The Clerk of the Court is directed to **REMOVE** the Supplements (Docs. 12 and 13) from the docket.

3. Plaintiff shall have up to and including **January 22, 2024**, to file a second amended complaint which complies with the directives of this Order and the November 14, 2023 Order (Doc. 10). Failure to do so may result in dismissal of this action.

4. Upon the filing of the second amended complaint, the pending Motion to Proceed In Forma Pauperis (Doc. 2) is recommitted to the Magistrate Judge.

**DONE AND ORDERED** in Jacksonville, Florida, on December 19, 2023.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties